**Richard DONOVAN, d/b/a Castalio Press, Plaintiff,**

v.

**H.C. ASSOCIATES, INC., et al., Defendants.**

No. 92–CV–201.

United States District Court, N.D. New York.

July 25, 1997.

Ronald V. Rawlin, Rhoa, Follen Law Firm, Cleeland, OH, for Richard Donovan.

F. Dulin Kelly, Kelly & Kelly, Hendersonville, TN, for Defendant National Book Warehouse.

## MEMORANDUM DECISION and ORDER

SCANLON, United States Magistrate Judge.

Currently before the Court are defendant NEW's motion to dismiss for failure to join an indispensable party (dkt.68), which plaintiff opposes, and plaintiff's combined motion to stay defendant's motion to dismiss, to enforce settlement and for sanctions (dkt.78). Jurisdiction in this matter is based upon diversity of citizenship. 28 U.S.C. § 1332(a). The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). For the following reasons, the Court denies defendant NBW's motion to dismiss for failure to join an indispensable party; denies plaintiff's motions to stay defendant's motion to dismiss and to enforce settlement; and denies, without prejudice, plaintiff's motion for sanctions.

## BACKGROUND

For several years plaintiff researched and compiled materials for a book entitled *The Game of Golf and the Printed Word.* In January 1988, having completed his manuscript, he contracted with defendant Haddon Craftsmen, Inc., now known as H.C. Associates, Inc., to have the book printed and bound The printing and binding of the book were unsatisfactory to plaintiff, so he and H.C. Associates entered into an agreement in March 1988 whereby the defective books that had been printed would be destroyed. Second Amend. Compl. at ¶¶ 2–5; Ex. 1A.

Plaintiff contends that these books were not destroyed, however. He asserts that they were "placed in the stream of commerce through book wholesalers and were offered for sale at a substantial discount and price from those which were printed and sold by Plaintiff." Second Amend. Compl. at ¶ 7. Plaintiff brought suit against H.C. Associates, alleging, *inter alia,* that it had breached its promise to destroy the defective books. He also brought suit against defendants National Book Warehouse, Inc. ("NBW") and Universal Sales Marketing, Inc ("Universal Sales"). The former, according to plaintiff, "wrongfully obtained possession of a substantial portion, if not all, of the books which were supposed to have been destroyed by Haddon Craftsmen and therefore converted said intellectual property to its own use"; the latter, he alleged, "obtained a substantial portion, if not all, of the books that were scheduled to be destroyed and subsequently sold said books to National Book Warehouse, Inc. and other entities for its own economic benefit." Second Amend. Compl. at ¶¶ 14, 20.

By Order dated September 9, 1996, the Court granted plaintiff's voluntary request to dismiss Universal Sales from the suit. Plaintiff settled with H.C. Associates in November 1996 and was terminated from the suit by Stipulation and Order dated February 7, 1997. Only NBW remains as a defendant in the instant suit.[1]

---

1. H.C. Associates filed third-party complaints against Hackensack Paper Co. and Recycling Specialist, Inc., who themselves responded with cross-claims. As part of the settlement entered

into by H.C. Associates and plaintiff, H.C. Associates, Hackensack Paper Co., and Recycling Specialist, Inc. settled their respective claims amongst themselves. Included in that settlement

NBW seeks dismissal of this action. It alleges that plaintiff has failed to join an indispensable party—namely Universal Sales—pursuant to Fed.R.Civ.P. 19 and that the joinder of that party would destroy diversity jurisdiction. Plaintiff denies that Universal Sales is an indispensable party and claims that it need not join it to this action. Plaintiff has also filed a combined motion to stay defendant's motion to dismiss, to enforce settlement and for sanctions. Plaintiff's request for sanctions stems from NBW's alleged abuses during discovery, and the motion to enforce settlement arises from the parties' September and October settlement discussions. NBW denies it has engaged in any abusive discovery practices or that it had entered into a binding settlement. It also raises procedural defenses to plaintiff's motions. The Court addresses these motions *seriatim*.

## DISCUSSION

### I. Plaintiff's Motion to Enforce Settlement.

■ On September 17, 1996, plaintiff claims that NBW offered and he accepted $25,000 to settle this lawsuit. Believing that he had entered into a binding settlement with NBW, he claims that he settled with H.C. Associates and the third-party defendants to conclude this lawsuit for less money than he had been seeking from those parties. NBW counters that by Order dated November 8, 1996 (dkt.62), the Court found that NBW withdrew its settlement offer and remained as a defendant. The Order also stated that the remaining parties—e.g., plaintiff and NBW—should file their motions and responses in accordance with General Order # 41 of the Northern District of New York.

Plaintiff's motion is not labeled as such, but for the Court to grant the relief he requests it must reconsider the findings it set forth in its November 8, 1996 Order. Local Rule 7. 1(g) explicitly states:

> Motions for reconsideration or reargument, unless otherwise governed by Fed. R.Civ.P. 60, shall be served not later than ten (10) days after the entry of the challenged judgment, order or decree.

Plaintiff filed his motion to enforce settlement on June 18, 1997, which is roughly

was a payment by the third-party defendants to

seven months after the Court clearly found that NBW had withdrawn its settlement offer. He argues that Local Rule 7.1(g) applies only to judgments, orders or decrees as to dispositive motions, but other than his conclusory argument does not cite any case law so holding. Indeed, the Court could not find any case law supporting his position. The Court disagrees with plaintiff's construction of Local Rule 7.1(g), holds that it does apply to the November 8, 1996 Order, and finds that his motion is not timely and must be dismissed.

### II. Plaintiff's Request for Sanctions.

■ Plaintiff, citing Fed.R.Civ.P. 26(a), has moved the Court to sanction NBW for alleged discovery abuses. The gist of his motion is that NBW has been less than forthcoming in producing salient documents related to the purchase and sale of the defective copies of plaintiff's book. Though plaintiff has not stated as much, the Court infers that he brings his motion pursuant to Fed. R.Civ.P. 37(c)(1), which governs sanctions arising under Rule 26(a) for failure to disclose required information. Rule 37(c)(1) grants the Court broad remedial authority, including the awarding of reasonable expenses and attorney's fees. As NBW notes, however, the local rules require that plaintiff submit a memorandum of law along with his motion for sanctions. Local Rule 7.1(c). He has not done so, but rather has submitted a factual brief, devoid of case law, supporting his position.

It is evident from reading the parties' motions that discovery has been contentious. Though plaintiff's allegations, if true, would trouble the Court, it is premature for it to consider his motion absent a memorandum that articulates case law supporting his position. The Court therefore dismisses his motion for sanctions, without prejudice. Should plaintiff desire to refile it, he is cautioned to follow both the federal and local rules or the Court will not entertain his motion.

### III. NBW's Motion to Dismiss for Failure to Join an Indispensable Party.

■ NBW ask the Court to dismiss plaintiff's action because he has failed to join an

plaintiff.

indispensable party under Rule 19.[2] Fed. R.Civ.P. 12(b)(7). It contends that Universal Sales is an indispensable party which, as a New York citizen, is not diverse from plaintiff, and submits that the necessary joinder of Universal Sales will destroy complete diversity and require dismissal of the complaint. NBW shoulders the burden of proving that Universal Sales is an indispensable party. *Myers v. American Dental Ass'n,* 695 F.2d 716, 724 n. 10 (3d Cir.1982), *cert. denied,* 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983).

Rule 19 mandates a two-step inquiry for determining whether a party is indispensable. As a threshold matter he Court must look to Rule 19(a), which provides the specific criteria to be used in deciding if it is necessary to join a party. If the Court determines a party to be a necessary party, its next step—as set forth in Rule 19(b)—is to consider whether that party is indispensable: meaning that the action should be dismissed if the party cannot be joined. If the Court determines a party not to be a necessary party, which means that joinder is not required, both prongs of Rule 19's inquiry cannot be met and the party is not indispensable. Fed.R.Civ.P. 19.

NBW has failed as a threshold matter to establish that Universal Sales is a necessary party under Rule 19(a). The crux of its argument is that plaintiff must have believed Universal Sales bore some liability in this matter or it would not have named it as a defendant in its second amended complaint. Although plaintiff voluntarily dismissed its claim against Universal Sales, NBW expresses concern that if plaintiff chooses to sue Universal Sales in state court, then Universal Sales might implead NBW for contribution. The Court finds NBW's argument too attenuated. NBW has not established that complete relief may not be accorded among the parties in the Universal Sales's absence; and, moreover, it has long been established that under federal law, neither joint tortfea-

sors nor co-conspirators are indispensable parties. *See State of Georgia v. Pennsylvania R. Co.,* 324 U.S. 439, 463, 65 S.Ct. 716, 728–29, 89 L.Ed. 1051 (1945); *Samaha v. Presbyterian Hosp.,* 757 F.2d 529, 531 (2d Cir.1985); *Frink America, Inc. v. Champion Road Machinery Ltd.,* 961 F.Supp. 398, 406 (N.D.N.Y.1997) (McAvoy, C.J.). NBW's motion to dismiss for failure to join a party under Rule 19 is denied.

### CONCLUSION

For the aforementioned reasons, it is hereby

ORDERED, that defendant NBW's motion to dismiss for failure to join an indispensable party be DENIED and it is hereby

ORDERED, that plaintiff's motion to stay NBW's motion to dismiss is DENIED as moot; and it is hereby

ORDERED, that plaintiff's motion to enforce settlement is DENIED; and it is hereby

ORDERED, that plaintiff's motion for sanctions is DENIED, without prejudice, to be refiled only if said notion comports with both the Federal and Local Rules.

**SO ORDERED.**

---

**2.** Plaintiff has filed a motion to stay NBW's motion to dismiss until the Court had an opportunity to hear and rule upon his motions to enforce

settlement and for sanctions. The Court has entertained his motions, wherefore plaintiff's motion for a stay is moot.